Case 7:22-cv-00169   Document 17   Filed on 08/22/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CESAR A. AGUIRRE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 7:22-cv-169 |
| KILOLO KIJAKAZI, *Acting Commissioner* | § |
| *of Social Security Administration*, | § |
| | § |
| Defendant. | § |

## ORDER AND OPINION REJECTING AND RETURNING
## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's motion for summary judgment[1] to affirm the ALJ's determination that Plaintiff Cesar A. Aguirre is not disabled within the meaning of the Social Security Act. The Magistrate Court issued a Report and Recommendation,[2] recommending that the Commissioner's motion be granted and the case dismissed, and Plaintiff has timely filed objections.[3]

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has made a de novo review of those portions of the report to which objections have been made, namely the ALJ's step five decision. As to those portions to which no objections have been made, in accordance with Federal Rule of Civil Procedure 72(b), the Court has reviewed the report for clear error.

The ALJ's step five determination relied on the vocational expert's ("VE") identification of three jobs from the Dictionary of Occupational Titles ("DOT") that Plaintiff could perform: addresser, document preparer, and table worker.[4] To exist in the national economy, a job must exist in significant number in the region where the claimant lives or in several regions of the country.[5] Plaintiff argues that the first two jobs are obsolete, and the Magistrate Judge noted numerous cases reaching that conclusion.[6] However, the Magistrate Judge found that even assuming they are obsolete, the 3,000 table worker jobs identified by the VE represent a significant

---

[1] Dkt. No. 13.
[2] Dkt. No. 15.
[3] Dkt. No. 16.
[4] Dkt. No. 10-3 at 55-56; Dkt. No. 15 at 42-43.
[5] 20 C.F.R. §§ 404.1566(a), (d).
[6] Dkt. No. 15 at 44.

1

number in the national economy.[7] The Court disagrees.

The Magistrate Judge's significance analysis does not withstand de novo review. Courts in *Owen* and *Shaw* have analyzed step five by assuming for the sake of argument (as the Magistrate Judge did here) that certain jobs identified by the VE were obsolete; but in those cases, the remaining jobs nationally amounted to 125,000 and 43,000 respectively.[8]

The Commissioner's position that 3,000 table worker jobs nationally is significant is unsupported by persuasive caselaw. Plaintiff's objection correctly points out[9] that the Sixth Circuit precedent cited in the Report and Recommendation is kneecapped by the *Nejat* court's erroneous reliance on *regional* job figures between 500 and 2,500 to justify a finding that 2,000 jobs *nationally* is significant.[10] Similarly, the Report and Recommendation relies on cases finding that 500-800 jobs in Texas can be significant.[11] But assuming table worker jobs exist and are evenly diffused in the national economy, 3,000 jobs nationally would make 270 jobs in Texas.[12]

Thus, the Court **REJECTS** the Magistrate Judge's finding that, assuming the jobs "addresser" and "document preparer" are obsolete, 3,000 national table worker jobs satisfy the Commissioner's burden at step five.[13] The Court **RETURNS** the case to the Magistrate Judge to determine whether "addresser" and "document preparer" are, in fact, obsolete and if so, whether the ALJ's findings constitute reversible error. The Magistrate Judge is to issue a modification to the Report and Recommendation.

To assist in that determination, the Court notes that "even while the DOT may still be reliable for determining the significance of some jobs in the national economy . . . the Court is uncertain of which of those job listings in the DOT are reliable [and] envision[s] that some or even many of the jobs described in the DOT are now so obsolete that an ALJ's reliance on a VE's citation to them cannot be considered substantial evidence."[14] The job "addresser" was last updated in 1977, and the job "document preparer" was last updated in 1986.[15] Thus, the VE at Plaintiff's hearing functionally testified that 10,000 people nationally are employed addressing mail "by hand or typewriter" and 60,000 people are employed "cut[ting] documents into individual pages of

---

[7] *Id.* at 45.

[8] *Owen v. Kijakazi*, No. 21-60545, 2022 U.S. App. LEXIS 744, at *7 (5th Cir. 2022); *Shaw v. Kijakazi*, No. 3:21-cv-252-JMV, 2022 U.S. Dist. LEXIS 121680, at *5 (N.D. Miss. 2022).

[9] Dkt. No. 16 at 8.

[10] *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009).

[11] Dkt. No. 15 at 20 (citing *Coatney v. Callahan*, 125 F.3d 851, 1997 WL 574827 at *1 (5th Cir. 1997) (per curiam) (unpublished) and *Mercer v. Halter*, No. 4:00-CV-1257-BE, 2001 WL 257842, at *6 (N.D. Tex. Mar. 7, 2001)).

[12] https://www.census.gov/data/tables/time-series/demo/popest/2020s-state-total.html (Texas represents roughly 9% of the United State population).

[13] Dkt. No. 15 at 45.

[14] *Thomas D. v. Kijakazi*, No. 20 C 2683, 2023 U.S. Dist. LEXIS 45236, at *21-22 (N.D. Ill. Mar. 17, 2023); *see also Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000) ([N]either the DOT nor the vocational expert testimony is per se controlling, [which] permits a more straightforward approach to the pertinent issue, which is whether there is substantial evidence supporting the Commissioner's determination that this particular person can do this particular job or group of jobs.").

[15] *Dictionary of Occupational Titles*—Fourth Edition (U.S. Dep't of Lab., Revised 1991) ("Addresser" at 209.587-010; "Document preparer" at 249.587-018).

standard microfilming size and format when allowed by margin space, using paper cutter or razor knife."[16] The Court is skeptical that such testimony is "relevant evidence as a reasonable mind might accept as adequate to support" a finding for the Commissioner at step five.[17]

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 22nd day of August 2023.

_____
Micaela Alvarez
Senior United States District Judge

---

[16] *See id.*
[17] *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).